PRYOR & MANDELUP, L.L.P.
675 Old Country Road
Westbury, New York 11590
(516) 997-0997
A. Scott Mandelup (am-2780) asm@pryormandelup.com
Randolph E. White (rw-5271) rew@pryormandelup.com

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**DEFENDANT DEMANDS
A TRIAL BY JURY**

-------------------------------------------------------------------X

AFP IMAGING CORPORATION and
DENT-X INTERNATIONAL, INC.,

                    Plaintiffs,

              - against -

GENEXA MEDICAL INC.,

                    Defendant.

**Index No.: 08-CV-4257**

**ANSWER AND
COUNTERCLAIMS**

-------------------------------------------------------------------X

Genexa Medical, Inc. ("Genexa"), by its attorneys, Pryor & Mandelup, L.L.P., for its Answer

to the Complaint of Plaintiffs, AFP Imagining Corp. ("AFP") and Dent-X International, Inc.

("Dent-X", and collectively with AFP, "Plaintiffs"), and for Genexa's Counterclaims, alleges as

follows:

      1.      Denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph "1", excepts admits that Genexa has disputed any payment

obligation to the Plaintiffs and therefore has not paid the amount alleged as due.

      2.      Admits the allegations contained in Paragraph "2".

- 1 -

3.      Denies each allegation contained in Paragraph "3", except denies knowledge or information sufficient to form a belief as to where the products were delivered from and refers all questions of law to the Court for determination.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4", except admits that AFP is listed on the website of the New York Secretary of State as an active domestic corporation, with an address for service of process at 250 Clearbrook Road, Elmsford, New York.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5", except admits that Dent-X is listed on the website of the New York Secretary of State as an active domestic corporation, with an address for service of process at 250 Clearbrook Road, Elmsford, New York.

6.      Admits the allegations contained in Paragraph "6".

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7", except admits that Plaintiffs are engaged in the sale of digital and analog X-ray imaging equipment and supplies used in the dental industry.

8.      Admits the allegations contained in Paragraph "8".

9.      Admits the allegations contained in Paragraph "9".

10.     Admits the allegations contained in Paragraph "10".

11.     Denies each allegation contained in Paragraph "11", except admits that, between on or about December 11, 2007 and on or about March 13, 2008, Genexa issued purchase

- 2 -

orders to Plaintiffs, and purchased equipment and supplies from Plaintiffs, and refers the trier of fact to the originals of said purchase orders for the terms thereof.

        12.     Denies each allegation contained in Paragraph "12", except admits that, on or about December 11, 2007, March 11, 2008, and March 13, 2008, Genexa purchased equipment and supplies from Plaintiffs, and admits receiving copies of the invoices annexed as Exhibit "A" to the Complaint, and refers the trier of fact to the originals thereof for the terms thereof.

        13.     Denies each allegation contained in Paragraph "13", except admits that, on or about December 17, 2007, December 18, 2007, January 30, 2008, and March 12, 2008, Genexa purchased equipment and supplies from Plaintiffs, and admits receiving copies of the invoices annexed as Exhibit "B" to the Complaint, and refers the trier of fact to the originals thereof for the terms thereof.

        14.     Denies each allegation contained in Paragraphs "14", except admits that, on or about December 27, 2007 and February 7, 2008, Genexa purchased equipment and supplies from Plaintiffs, and received copies of the invoices annexed as Exhibit "C" to the Complaint, and refers the trier of fact to said invoices for the terms thereof, and admits paying Plaintiffs a deposit of $70,000.

        15.     Denies each allegation contained in Paragraph "15" and refers the trier of fact to the originals of the documents identified therein for the terms thereof.

        16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16", and refers the trier of fact  to the originals of the documents identified therein for the terms thereof.

I:\CLIENT FILES\Genexa\Answer 06-27-08.wpd

17.     Repeats the foregoing responses to Paragraphs "1" through "16" in response to Paragraph "17".

18.     Denies each allegation contained in Paragraph "18".

19.     Denies each allegation contained in Paragraph "19".

20.     Repeats the foregoing responses to Paragraphs "1" through "19" in response to Paragraph "20".

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" and refers all questions of law to the Court for determination.

22.     Denies each allegation contained in Paragraph "22" and refers all questions of law to the Court for determination.

23.     Denies each allegation contained in Paragraph "23".

24.     Denies each allegation contained in Paragraph "24".

25.     Repeats the foregoing responses to Paragraphs "1" through "24" in response to Paragraph "25".

26.     Denies each allegation contained in Paragraph "26".

27.     Denies each allegation contained in Paragraph "27".

28.     Denies each allegation contained in Paragraph "28".

29.     Repeats the foregoing responses to Paragraphs "1" through "28" in response to Paragraph "29".

30.     Denies each allegation contained in Paragraph "30".

31.    Denies each allegation contained in Paragraph "31".

32.    Denies each and every other allegation in the Complaint, not hereinbefore expressly admitted.

## FIRST AFFIRMATIVE DEFENSE

33.    Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

34.    Plaintiffs purport to manufacture EVA sensors and Conebeam CT scanners, to provide digital dental radiographs and 3-D dental images, which combine to create radiological units (hereinafter referred to as "Digital Imaging Systems"), designed for and sold by Genexa to end user-dentists as a complete system.

35.    In connection therewith, Plaintiffs represented to Genexa that the sensors it claimed to manufacture, and which it sold and delivered to Genexa, had less than a one (1%) percent failure rate, would be warranted for a period of three (3) years, and were fit for the purposes intended, including integration into Digital Imaging Systems marketed and sold by Genexa to end user dentists.

36.    Plaintiffs, further, represented to Genexa that they had sold in excess of a thousand (1,000) units of Plaintiffs' sensors in North America, and that Plaintiffs' sensors performed, as represented, with less than a one (1%) percent failure rate.

37.    Contrary to the foregoing representations, the sensors purchased by Genexa from Plaintiffs were reported by Genexa customers as failing at a rate of not less than thirty (30%) percent and Plaintiffs' sensors were returned by approximately forty percent (40%) of

I:\CLIENT FILES\Genexa\Answer 06-27-08.wpd

Genexa's customers, with complaints, and Genexa continues to receive complaints and returns of Plaintiffs' sensors from its customers.

38.    Plaintiffs have failed to cure the defects in their products sold to Genexa and resold by Genexa to its customers, although duly demanded.

39.    As a result of the foregoing, Plaintiffs are in breach of their express representations, and are not entitled to any recovery on the Complaint, in accordance with New York Uniform Commercial Code ("UCC") § 2-313.

## THIRD AFFIRMATIVE DEFENSE

40.    Genexa repeats and realleges each allegation contained in Paragraphs "34" through "38" herein.

41.    By reason of the foregoing, Plaintiffs breached the implied warranty of merchantability, pursuant to UCC § 2-314 and are not entitled to any recovery on the sales at issue.

## FOURTH AFFIRMATIVE DEFENSE AND
## FIRST COUNTERCLAIM AGAINST PLAINTIFFS (FRAUD)

42.    Genexa repeats and realleges each allegation contained in Paragraphs "34" through "38" herein.

43.    Commencing in the fall of 2006 Genexa, entered into negotiations with Plaintiffs to extend their Digital Imaging System business into the Canadian marketplace.

44.    Upon information and belief, during the course of the foregoing negotiations, and in order to induce Genexa to enter into an exclusive dealership agreement with Plaintiffs,

- 6 -

Plaintiffs's representatives, Christopher Weed and Ryan Carlstrom, made a series of oral

representations to Genexa, by telephone and at meetings, including the following:

      (i)     That all "Dent-X" sensors were manufactured by Plaintiffs;

      (ii)    That Plaintiffs' manufacturing facilities and testing procedures met or exceeded that of the sensors manufactured by competing distributors;

      (iii)   That Dent-X sensors failed less than one (1%) percent of the time, that Dent-X sensors were backed with a three (3) year warranty, and that Dent-X replaced any failed sensors in a matter of days, with all replacement sensors tested to assure that the end user dental office possessed a functioning Digital Imaging System; and

      (iv)   That Plaintiffs possessed a proven track record, based on the sales of digital imaging equipment and sensors throughout North America.

45.    Upon information and belief, Plaintiffs concealed the following facts from

Genexa:

      (i)     That Plaintiffs did not possess the manufacturing systems required for purposes of providing medical grade digital imaging systems for installation and use in dentistry offices in North America;

      (ii)    That the sensors provided by Plaintiffs constituted a gray market product, not fit for the use intended, and that sensors sold by Plaintiffs failed at a excessive rate;

- 7 -

(iii)   That Plaintiffs were under-supplied with sensors and either did not manufacture their own sensors, or the sensors that they did manufacture were not of sufficient quality for the uses intended, and Plaintiffs could not provide proper sensors and could not replace adequately faulty sensors, in a timely fashion; and

(iv)   That Plaintiffs did not intend and were incapable of performing their obligations under any exclusive dealership agreement executed by the parties.

46.    Upon information and belief, the foregoing representations, set forth in Paragraph "43" herein, were falsely made, and the information concealed by Plaintiffs from Genexa, as set forth in Paragraph "44" herein, in light of the representations made by Plaintiff to Genexa, was false and deceitful.

47.    Upon information and belief, Plaintiffs made the foregoing representations, and concealed the foregoing material facts, with the intent of deceiving Genexa and inducing Genexa to rely upon the representations made by Plaintiff, for purposes of causing Genexa to enter into an exclusive dealership agreement with the Plaintiffs, and for purposes of inducing Genexa to purchase Plaintiffs' defective products.

48.    Relying upon the foregoing representations, and without knowledge of the facts concealed by Plaintiffs, Genexa entered into an agreement with Plaintiffs, dated November 3, 2006, for the sale of Plaintiffs' products and thereafter, on September 1, 2007, entered into a further agreement with Plaintiffs, which provided Genexa with an exclusive distribution agreement

I:\CLIENT FILES\Genexa\Answer 06-27-08.wpd

of EVA Sensors and Conebeam units produced by Plaintiffs (the November 3, 2006 and September 1, 2007 agreements are referred to collectively herein as the "Agreements").

49.    Upon information and belief, Plaintiffs never intended to honor the Agreements, and, following Plaintiffs' purported receipt of Health Canada approval in or about August, 2007 breached the Agreements by:

    (i)    Selling Genexa, on an ongoing basis, faulty and defective sensors, which were not fit for the purposes intended;

    (ii)    Failing to timely replace failed sensors sold by Plaintiffs to Genexa with properly functioning sensors fit for the purposes intended; and

    (iii)    Wrongfully terminating Genexa's exclusive distribution rights, under the Agreements, without cause, and in breach of the procedures set forth in the Agreements.

50.    By reason of the foregoing, Genexa's relationships with its customers have been materially injured and Genexa has lost business and customers, and incurred expenses to address customer complaints regarding the poor quality of Plaintiffs' products.

51.    By reason of the foregoing, Genexa has been damaged in an amount to be determined by the trier of fact, but which, upon information and belief, is not less than $1 Million.

52.    By reason of the foregoing, Genexa is entitled to judgment, against Plaintiffs, jointly and severally, in an amount to be determined by the trier of fact, but which, upon information and belief, is not less than $1 Million, together with interest thereon.

53.    The foregoing conduct constituted a scheme to defraud Genexa and was conducted by Plaintiffs wilfully and with a high degree of malice.

I:\CLIENT FILES\Genexa\Answer 06-27-08.wpd

54.    By reason of the foregoing, Genexa is entitled to the imposition of punitive damages, in an amount to be determined by the trier of fact, but which, upon information and belief, should not be less than $3 Million.

## FIFTH AFFIRMATIVE DEFENSE AND
## SECOND COUNTERCLAIM AGAINST PLAINTIFFS (BREACH OF CONTRACT)

55.    Genexa repeats and realleges each allegation contained in Paragraphs "34" through "53" herein.

56.    By reason of the Plaintiffs breached the terms of the Agreements.

57.    By reason of the foregoing,  Genexa's relationships with its customers have been materially injured and Genexa has lost business and customers, and incurred expenses to address customer complaints regarding the poor quality of Plaintiffs' products.

58.    By reason of the foregoing, Genexa has been damaged in an amount to be determined by the trier of fact, but which, upon information and belief, is not less than $5.5 Million.

59.    By reason of the foregoing, Genexa is entitled to judgment, against Plaintiffs, jointly and severally, in an amount to be determined by the trier of fact, but which, upon information and belief, is not less than $5.5 Million, together with interest thereon.

## SIXTH AFFIRMATIVE DEFENSE AND
## THIRD COUNTERCLAIM AGAINST PLAINTIFFS (BREACH OF CONTRACT)

60.    Genexa repeats and realleges each allegation contained in Paragraphs "34" through "53" herein.

I:\CLIENT FILES\Genexa\Answer 06-27-08.wpd

61.     By letter, dated June 19, 2008, Plaintiffs declared terminated immediately the exclusive distribution agreement between Plaintiffs and Genexa set forth in the Agreement dated August 28, 2007 (the "Distribution Agreement").

62.     Upon information and belief, Plaintiffs have granted to another person or entity, rights for the distribution of Plaintiffs' products in the territory granted to Genexa in the Distribution Agreement and have ceased selling and refuse to sell Plaintiffs products to Genexa, and by letter dated May 14, 2008, the Plaintiff sent a letter to Dent-X dealers offering referral fees for Newton CBCT units in the territory granted to Genexa in the Distribution Agreement.

63.     The foregoing termination of the exclusive Distribution Agreement and Genexa's rights thereunder was made by Plaintiffs in breach of the terms of the Distribution Agreement.

64.     By reason of the foregoing,  Genexa's relationships with its customers have been materially injured and Genexa has lost business and customers, and incurred expenses to address customer complaints regarding the poor quality of Plaintiffs' products.

65.     By reason of the foregoing, Genexa has been damaged in an amount to be determined by the trier of fact, but which, upon information and belief, is not less than $5.5 Million.

66.     By reason of the foregoing, Genexa is entitled to judgment, against Plaintiffs, jointly and severally, in an amount to be determined by the trier of fact, but which, upon information and belief, is not less than $5.5 Million, together with interest thereon.

I:\CLIENT FILES\Genexa\Answer 06-27-08.wpd

## SEVENTH AFFIRMATIVE DEFENSE AND
## FOURTH COUNTERCLAIM AGAINST PLAINTIFFS
## (TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS)
## (DECLARATORY JUDGMENT/PERMANENT INJUNCTION)

67.     Genexa repeats and realleges each allegation contained in Paragraphs "34" through "53" herein.

68.     Upon information and belief, Plaintiffs and/or their authorized representatives, have contacted customers of Genexa who have purchased from Genexa or who were considering purchasing from Genexa, Digital Imaging Systems containing Plaintiffs' products, and have solicited said customers to purchase Plaintiffs' products directly from Plaintiffs or their authorized representatives to the exclusion of Genexa.

69.     As a result of the foregoing conduct by Plaintiffs, Genexa has been rendered unable to service it customers who purchased Digital Imaging Systems from Genexa containing Plaintiffs' products and have prevented Genexa from selling to current and future clients Digital Imaging Systems containing Plaintiffs' products.

70.     Upon information and belief, the foregoing actions were taken by Plaintiffs with the primary purpose and intention of causing harm to the business of Genexa, and did, in fact, cause harm to the business of Genexa.

71.     By reason of the foregoing, Genexa has suffered economic injury, the full extent of which cannot be adequately determined at this time, but which is, upon information and belief, not less than $6.6 Million, together with interest thereon.

I:\CLIENT FILES\Genexa\Answer 06-27-08.wpd

72.     Upon information and belief, by reason of the foregoing, Genexa will continue to incur damage to its business, goodwill, and reputation in the industry, for which Genexa will have no adequate remedy at law.

73.     By reason of the foregoing, Genexa is entitled to a declaration that the Termination Notice and the purported termination by Plaintiffs of Genexa's exclusive distributor rights under the Distribution Agreement null and void and of no force or effect.

74.     By reason of the foregoing, Genexa is entitled to the issuance of an injunction, permanently enjoining Plaintiffs, and all those acting in concert or participation with Plaintiffs or either of them, from enforcing or acting upon the purported termination of Genexa's exclusive distributorship of Plaintiffs' products pursuant to the Distribution Agreement, and/or from selling Plaintiffs' products to any person or entity other than Genexa, unless and until the Distribution Agreement is effectively terminated, pursuant to its terms.

## FIFTH COUNTERCLAIM AGAINST PLAINTIFFS (DEFAMATION)

75.     Genexa repeats and realleges each allegation contained in Paragraphs "34" through "53" herein.

76.     Upon information and belief, Genexa, by its officers and employees, has made statements to customers of Genexa that Genexa is no longer a Dent-X distributor, allegedly because of their failure and inability to pay Plaintiffs, and that Genexa is going out of business.

77.     The statements made by Plaintiffs to various individuals and businesses, to whom Genexa is known, that Genexa was no longer a dealer, was unable to pay and is going out of business, constituted slander and defamation *per se*.

- 13 -

78.    As a result of the foregoing, Genexa has suffered economic injury, the full extent of which cannot be adequately determined at this time, but which is, upon information and belief, not less than $1 Million.

79.    Upon information and belief, the foregoing statements were made wilfully, intentionally, and with a high degree of malice and as part of a scheme to cause injury to Genexa's business and property.

80.    By reason of the foregoing, Genexa is entitled to the imposition of punitive damages, in an amount to be determined by the trier of fact, but which, upon information and belief, should not be less than $3 Million.

## SIXTH COUNTERCLAIM AGAINST PLAINTIFF AFP
## (DECLARATORY JUDGMENT AND RESCISSION)

81.    Genexa repeats and realleges each allegation contained in Paragraphs "34" through "49" herein.

82.    In or about the beginning of April 2008, Plaintiffs, by their President, Vozick, represented, in the course of a conference call with James Emms, on behalf of Genexa, another Genexa representative, and Plaintiff's senior staff, that all technical problems affecting their sensors had been remediated and that the faulty sensors were attributable to a bad batch.

83.    Based on the foregoing conversation, on April 9, 2008, a settlement agreement was faxed to Ganexa's Toronto office, for execution by a head office representative with signing authority and authority to release funds.

- 14 -

84.    The agreement forwarded tot he Toronto office included a new Para-graph "13", never agreed to, and was included without reference with the intent that the change would escape detection, as the individual executing the agreement did not negotiate the terms.

85.    The settlement agreement that was forwarded included Paragraph "14" of same, which provided, "this agreement is considered voiced if Ganexa does not meet the current payment plan on each agreement item herein."

86.    Based on the foregoing representations, Plaintiff AFP and Genexa entered into a written letter agreement, dated April 9, 2008 (the "Settlement Agreement"), with the intention, on Genexa's part, of resolving the ongoing complaints by Genexa to Plaintiffs regarding the poor quality of Plaintiffs' products sold to Genexa and distributed by Genexa to its customers pursuant to the exclusive Distribution Agreement, and to provide for Genexa's payment to AFP of monies allegedly due for products purchased by Genexa from Plaintiffs.

87.    Upon execution by Genexa of the Settlement Agreement, but prior to the actual transfer of funds, Genexa discovered that the replacement sensors sent by Plaintiffs failed and that the agreement included Paragraph "13", notwithstanding that Genexa never agreed to same.

88.    Upon learning of these facts, Genexa cancelled its wire instructions, voiding the Settlement Agreement, pursuant to its terms, and notified Plaintiffs of the foregoing.

89.    The Settlement Agreement is null and void, pursuant to its terms, and was or should be deemed rescinded on grounds of mutual mistake or mistake by Genexa and due to Plaintiffs' fraud.

90.     In addition thereton, the Settlement Agreement provided, in part, that: (i) "The parties agree that the 12 offices that have had reported difficulties with EVA sensors in Canada, will be converted to AFP Digital, (Apteryx software) at no additional expense to Genexa or the Doctors offices.  Total allowance to be no more than 50 computers, (Licenses), additional licenses will be invoiced by APF to Genexa."; (ii) Genexa would make certain payments to Plaintiffs in consideration of invoices rendered by Plaintiffs for products previously sold to Genexa, which Genexa had refused to pay due to the defects in Plaintiffs products delivered to Genexa customers; and (iii) "Genexa agrees that it will not hold AFP responsible for any loses (*sic*) or any damages, what so ever, suffered by Genexa and that this agreement between the parties alleviates AFP of any other related damages."

91.     AFP failed to perform their foregoing obligations under the Settlement Agreement.

92.     Upon information and belief, Plaintiffs both contend that the Settlement Agreement bars Genexa from making any claims alleged by Genexa in the foregoing Counterclaims.

93.     By reason of the foregoing, Genexa is entitled to a declaration that the Settlement Agreement and the waiver of Genexa's claims contained therein is, void and/or should be held rescinded or is otherwise unenforceable, by virtue of AFP's breach of said agreement, rendering it null and void and of no force or effect.

94.     Genexa has no adequate remedy at law.

95.     By reason of the foregoing, Genexa is entitled to a declaration that the Settlement Agreement is an agreement only between Genexa and AFP, and Plaintiff Dent-X has no rights thereunder.

96.     By reason of the foregoing, Genexa is entitled to the issuance of an injunction, permanently enjoining Plaintiffs, and all those acting in concert or participation with Plaintiffs or either of them, from enforcing or acting upon the Settlement Agreement.

**WHEREFORE**, the Defendant-Counterclaim Plaintiff, Genexa Medical, Inc., demands judgment against Plaintiffs APF Imaging Corporation and Dent-X International, Inc., jointly and severally, as follows:

A.     Dismissing the Complaint with prejudice;

B.     On the First Counterclaim, in an amount to be determined by the trier of fact, together with interest thereon, and imposition of punitive damages, in an amount to be determined by the trier of fact;

C.     On the Second Counterclaim, in an amount to be determined by the trier of fact, together with interest thereon;

D.     On the Third Counterclaim, in an amount to be determined by the trier of fact, together with interest thereon;

E.     On the Fourth Counterclaim, declaring the Distribution Agreement between Plaintiffs and Genexa to be in full force and effect, and permanently enjoining Plaintiffs, and all those acting in concert or participation with Plaintiffs or either of them, from enforcing or acting upon the purported termination of Genexa's exclusive distributorship of Plaintiffs' products pursuant to the Distribution Agreement, and/or from selling Plaintiffs' products to any person or entity other than Genexa, unless and until the Distribution Agreement is effectively terminated, pursuant to its terms;

F.     On the Fifth Counterclaim, in an amount to be determined by the trier of fact, together with interest thereon, and imposition of punitive damages, in an amount to be determined by the trier of fact;

I:\CLIENT FILES\Genexa\Answer 06-27-08.wpd

G.  On the Sixth Counterclaim, declaring the Settlement Agreement between Plaintiffs and Genexa to be null and void, rescinding same or, in the alternative, declaring the Setlement Agreement to be an agreement only between Genexa and AFP, and permanently enjoining Plaintiffs, and all those acting in concert or participation with Plaintiffs or either of them, from enforcing or acting upon the Settlement Agreement; and

H.  On each Counterclaim, for Genexa's costs and disbursements in this action.

Westbury, New York
June 27, 2008

PRYOR & MANDELUP, L.L.P.
Attorneys for Defendant Genexa Medical Inc.

By: _____
       A. Scott Mandelup (am-2780)
       675 Old Country Road
       Westbury, New York 11590
       Tel.: (516) 997 - 0999

- 18 -

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

AFP IMAGING CORPORATION and
DENT-X INTERNATIONAL, INC.,

                    Plaintiffs,                     **Index No.: 08-CV-4257**

      - against -

GENEXA MEDICAL INC.,
               Defendant.
-----------------------------------------------------------------X

STATE OF NEW YORK   )
                     ) ss.:
COUNTY OF NASSAU   )

## AFFIDAVIT OF SERVICE - FIRST CLASS MAIL

**Beads Land**, being duly sworn, deposes and says:

       I am not a party to the action, am over 18 years of age and reside in New Cassel, New York.

       On June 27, 2008, I served the within **Answer and Counterclaims**, upon the following party on the annexed service list, at their address as set forth below, by depositing a true copy in a postage-paid, properly-addressed envelope by first class mail, in an official repository under the exclusive care and custody of the United States Post Office within the State of New York.

       Paul C. Kurland, Esq.
       Michael H. DuBoff, Esq.
       Snow Becker Krauss P.C.
       605 Third Avenue, 25th Floor
       New York, NY 10158

                                                   Beads Land

Sworn to before me this
27th day of June, 2008

_____
      NOTARY PUBLIC

                         **Anthony Giuliano**
              **Notary Public, State of New York**
                 **No. 02GI5047101**
               **Qualified in Suffolk County**
           **Commission Expires July 24, 2009**

I:\CLIENT FILES\Genexa\AOS 06-27-08.wpd