SNOW BECKER KRAUSS P.C.
605 Third Avenue
New York, New York 10158
(212) 687-3860
Paul C. Kurland (pk5179)
Michael H. DuBoff (md1902)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
AFP IMAGING CORPORATION
and DENT-X INTERNATIONAL, INC.,                         Index No. 08-CV-4257 (CLB)

            Plaintiffs,
                                            **REPLY**

    -against-

GENEXA MEDICAL INC.,

            Defendant.
------------------------------------------------------X

        Plaintiffs, AFP Imaging Corporation and Dent-X International, Inc. ("AFP") by their attorneys Snow Becker Krauss P.C. as in forth their Reply to the Counterclaims allege as follows:

    1.    Deny the allegations contained in paragraph 34 except admit that AFP manufacture EVA sensors and Conebeam CT Scanners to be used for dental 3-D images.

    2.    Deny the allegations contained in paragraph 35 except admit that the sensors sold by AFP had a very low failure rate and had a three-year warranty.

    3.    Admit the allegations contained in paragraphs 36, 83 and 85.

    4.    Deny the allegations contained in paragraphs 37 except that a small amount of the sensors supplied to Genexa by AFP were defective and have been replaced by AFP.

    5.    Deny the allegations contained in paragraph 38 except deny knowledge or information sufficient to form a belief as to Genexa's use of products that it purchased from

AFP.

6. Deny the allegations contained in paragraphs 39, 41, 45, 46, 47, 49, 51, 52, 53, 54, 56, 58, 65, 66, 70, 71, 72, 76, 77, 78, 79, 80, 84, 92 and 94.

7. Repeat and reallege the allegations contained in paragraphs 1 through 6 with respect to paragraphs 40 and 42.

8. Deny the allegations contained in paragraph 43 except admit that in or about the fall of 2006 AFP and defendant entered into negotiations for the sale of AFP's products to Genexa for resale in Canada.

9. Deny the allegations contained in paragraph 44 except admit that in or about the fall of 2006 AFP's representatives told Genexa's representatives that AFP manufactures the sensors that it sells, its sensors have a three-year warranty, AFP agreed to promptly replace all defective sensors under the terms of the warranty and AFP has been successfully selling its digital imaging equipment and sensors throughout North America.

10. Deny the allegations contained in paragraph 48 except deny knowledge or information as to the Genexa representatives' state of mind in connection with the entry into the agreements of November 3, 2006 and August 28, 2007 and AFP respectfully refers to the agreements of November 3, 2006 and August 28, 2007 for the terms and conditions thereof.

11. Deny the allegations contained in paragraphs 50, 57 and 64 except deny knowledge or information sufficient to form a belief as to the relationship that Genexa has with its alleged customers.

12. Repeat the allegations contained in paragraph 1 through 11 with regard to paragraphs 55, 60, 67, 75 and 81.

13. Admit the allegations contained in paragraph 61 except respectfully refer to AFP's letter to Genexa dated July 16, 2008 rescinding the June 19, 2008 letter.

2

14. Deny the allegations contained in paragraph 62 except admit that prior to entering AFP's relationship with Genexa and during that relationship, AFP sold products not covered by the exclusively clause of the August 29, 2007 agreement to other dealers in Canada.

15. Deny the allegations contained in paragraph 68 except admit that AFP was contacted by two of Genexa's customers, who stated that Genexa was unable to assist them, in connection with the customers' request to extend their software licenses beyond the sixty-day demo period.

16. Deny the allegations contained in paragraph 69 except deny knowledge or information sufficient to form a belief as to Genexa's business capabilities.

17. Deny the allegations contained in paragraphs 73 and 74 of the complaint except admit that the June 19, 2008 letter has been withdrawn.

18. Deny the allegations contained in paragraph 82 of the complaint except admit that during a conference call between the representatives of AFP and Genexa the parties discussed the reason that some of the sensors were defective and that AFP would replace the defective sensors promptly upon their return.

19. Deny the allegations contained in paragraph 86 of the complaint except admit that the April 9, 2008 Settlement Agreement was entered into by AFP and Genexa and that as a condition of the Settlement Agreement Genexa agreed to pay for the products it received from AFP and deny knowledge or information sufficient to form a belief as to Genexa's intention in connection with its performance under the Settlement Agreement.

20. Deny the allegations contained in paragraph 87 of the complaint except deny knowledge or information sufficient to form a belief as to Genexa's claimed discovery.

21. Deny the allegations contained in paragraph 88 of the complaint except admit that Genexa never made the required payment to AFP.

3

22. Deny the allegations contained in paragraph 89 of the complaint except admit that the Settlement Agreement is void due to Genexa's failure to comply with the payment provision.

23. Admit the allegations contained in paragraph 90 of the complaint except respectfully refer to the Settlement Agreement for the terms and conditions thereof.

24. Deny the allegations contained in paragraph 91 of the complaint except admit that as a result of Genexa's failure to make the required payment the Settlement Agreement was void and never acted upon.

25. Deny the allegations contained in paragraphs 93, 95 and 96 except admit that the Settlement Agreement is void and non-enforceable due to Genexa's failure to make the required payment.

WHEREFORE, Plaintiffs, AFP Imaging Corporation and Dent-X International, Inc. demand Judgment dismissing the Counterclaims with prejudice and on the merits and that Plaintiffs be awarded the relief sought in the Complaint.

Dated: New York, New York
July 17, 2008

SNOW BECKER KRAUSS P.C.

By: _____
Michael H. DuBoff (md1902)
Attorneys for Plaintiffs
AFP Imaging Corporation and
Dent-X International, Inc.
605 Third Avenue
New York, New York 10158
Telephone: 212-687-3860

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
AFP IMAGING CORPORATION
and DENT-X INTERNATIONAL, INC.,                    Index No. 08-CV-4257 (CLB)

          Plaintiffs,

                                                  AFFIDAVIT OF SERVICE

    -against-

GENEXA MEDICAL INC.,

          Defendant.
-------------------------------------------------------X

STATE OF NEW YORK    )
                               ) ss:
COUNTY OF NEW YORK  )

       BEATRICE SAVOCCHIA, of full age, deposes and says:

       I am not a party to this action, am over the age of 18 years, reside in the State of New York and am an employee of Snow Becker Krauss P.C.

       On Thursday, July 17, 2008, I served a true copy of the annexed REPLY by first-class mail with postage prepaid thereon, by depositing said document in a sealed envelope, into a post office or official depository of the U.S. Postal Service within the State of New York, addressed as indicated below:

                A. Scott Mandelup, Esq.
                Randolph E. White, Esq.
                PRYOR & MANDELUP, L.L.P.
                675 Old Country Road
                Westbury, New York 11590

Sworn to before me this
17th day of July, 2008

_____
        Notary Public

MICHAEL H. DU BOFF
Notary Public, State of New York
No. 02DU1030540
Qualified in Westchester County
Commission Expires September 30, 2009

_____
        Beatrice Savocchia